**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Herschell HARVELL, Jr.,
Defendant–Appellant.**

**No. 15-14660
Non-Argument Calendar**

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 10/21/2016

Douglas W. Gilfillan, David M. Chaiken, John Andrew Horn, Lawrence R. Sommerfeld, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee

Amy Levin Weil, The Weil Firm, Atlanta, GA, for Defendant–Appellant

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Herschell Harvell Jr. appeals his sentence of imprisonment for 32 months for two convictions of making false statements to a financial institution, 18 U.S.C. § 1014. The district court increased Harvell's offense level by two points for his use of a special skill in committing the offenses, U.S.S.G. § 3B1.3. Harvell argues that his previous employment with the United States Department of Housing and Urban Development, Office of the Inspector General, did not give him a special skill. We affirm.

We review for clear error the finding that Harvell used a special skill. *United States v. De La Cruz Suarez*, 601 F.3d 1202, 1219 (11th Cir. 2010).

The district court did not clearly err in enhancing Harvell's base offense level for his use of a special skill in fraud investigations to help him commit the offenses of conviction. The average person would lack intimate knowledge of loan and real estate procedures. *United States v. Calderon*, 127 F.3d 1314, 1339 (11th Cir. 1997). But Harvell worked for the Housing Department for 15 years, which made his training "substantial." U.S.S.G. § 3B1.3, cmt. n.4. He knew various "tricks of the trade" regarding mortgage fraud. *Calderon*, 127 F.3d at 1339. And he used that special skill "in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. § 3B1.3. He concealed or misrepresented assets, income, living expenses, and business ownership. And the district court was entitled to find that he did so in a way that only a seasoned fraud investigator would know how to do. We affirm.

**AFFIRMED.**